# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3498 | **DATE** | 8/14/2002 |
| **CASE TITLE** | Piskulich vs. Ashcroft et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** The petition for a writ of habeas corpus is dismissed for lack of subject matter jurisdiction. All pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | AUG 15 2002 | 9 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| FRANCISCO PISKULICH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 02 C 3498 |
| ) | |
| JOHN ASHCROFT, Attorney General of the United States; ) | |
| JAMES W. ZIGLAR, as Commissioner of the Immigration & ) | |
| Naturalization Service; BRIAN R. PERRYMAN, District Director ) | |
| of the Immigration & Naturalization Service; and THE UNITED ) | |
| STATES DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on a petition for a writ of habeas corpus. For the reasons set forth below, the petition is dismissed for lack of jurisdiction.

### BACKGROUND

Petitioner Francisco Piskulich is a citizen of Peru. He became a lawful permanent resident of the United States in 1978. An alien who is lawfully admitted for permanent residence is one who has "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having been changed." 8 U.S.C. § 1101(a)(20). Such an alien who leaves the United States and then returns is not regarded as seeking admission into the United States except under certain circumstances, detailed in 8 U.S.C. § 1101(a)(13)(C).

9

Eleven years thereafter, Piskulich was convicted of burglary, armed robbery, attempted robbery with a firearm, and falsely impersonating an officer in Florida, which resulted in a sentence of four and a half years in Florida state prison. In January 2002, Piskulich traveled to the Dominican Republic. Upon his return, the Immigration and Naturalization Service ("INS") classified Piskulich not as a returning lawful permanent resident but as an arriving alien seeking admission, subject to all the restrictions appertaining to that group of noncitizens.[1]

Approximately two and a half months after his return, Piskulich was issued a notice to appear in removal proceedings. On April 25, he filed a motion requesting a bond hearing. The motion includes several supporting documents, including a letter from a coworker and copies of relevant case law. The immigration judge, however, agreed with INS's prior determination that Piskulich was an arriving alien and thus was not eligible for bond during the pendency of his removal proceedings. In May 2002, Piskulich filed a petition for a writ of habeas corpus against Attorney General Ashcroft as well as various INS officials. INS has responded by moving to dismiss the petition pursuant to Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6).

## DISCUSSION

First and foremost, Piskulich's petition challenges the immigration judge's conclusion that he is an arriving alien rather than a returning lawful permanent resident. He seeks an individualized hearing on that issue, in the hopes that the second time around the immigration judge will apply the

---

[1] The relevant statutory definition provides that "[a]n alien lawfully admitted for permanent residence in the United States shall not be regarded as seeking an admission into the United States for purposes of the immigration laws unless the alien . . . has committed an offense identified in [8 U.S.C. § 1182(a)(2)], unless since such offense the alien has been granted relief under [8 U.S.C. § 1182(h) or 8 U.S.C. § 1229b(a)] . . . ." 8 U.S.C. § 1101(a)(13)(C)(v). See also 8 C.F.R. § 1.1.

Fleuti doctrine.[2] His claim thus sounds in procedural due process, a constitutional claim that we can consider on a petition for habeas corpus. See, e.g., 28 U.S.C. § 2241; I.N.S. v. St. Cyr, 121 S. Ct. 2271, 2286, 2287 (2001). However, from the submissions of the parties, it appears that Piskulich has already had a hearing on that issue, for which he submitted many of the same authorities and arguments he presents in his petition for habeas corpus, and the conclusion was reached by an independent decisionmaker, the immigration judge. Pet. for Writ of Habeas Corpus, Exh. 7. In essence, then, Piskulich asks us to order the immigration judge to reconsider his decision in a second hearing. The only deficiency Piskulich has enumerated with the first hearing is his displeasure with the outcome; that is not sufficient to invest us with jurisdiction to intervene in the agency proceedings. We therefore agree with INS that we are without subject matter jurisdiction to consider this matter.

Moreover, the Fleuti doctrine does not appear to have survived the enactment of the IIRIRA. See Ferreras v. Ashcroft, 160 F. Supp. 2d 617, 623 (S.D.N.Y. 2001); In re Collado-Muñoz, 21 I. & N. Dec. 1061, 1063-67 (BIA 1998); but see Arias-Agramonte v. Commissioner of INS, 2000 WL 1059678, at *1 n.1 (S.D.N.Y. Aug. 1, 2000); Velasquez v. Reno, 37 F. Supp. 2d 663, 665 n.2 (D.N.J. 1999); Richardson v. Reno, 994 F. Supp. 1466, 1470-72 (S.D. Fla. 1998), rev'd on other grounds, 180 F.3d 1311, 1317 (11th Cir. 1999). Rather, the plain language of the statute indicates that a lawful permanent resident who is convicted of a crime involving moral turpitude will be treated as an alien seeking admission upon return from abroad, regardless of the nature, extent, and duration

---

[2]The doctrine provides that a lawful permanent resident who leaves the country for a brief, casual, and innocent trip will not be considered a break in residency that could have consequences for the alien's legal status. Rosenberg v. Fleuti, 83 S.Ct. 1804 (1963).

of the trip. 8 U.S.C. § 1101(a)(13)(C)(v); In re Collado-Muñoz, 21 I. & N. Dec. at 1064-66; see also Ferreras, 160 F. Supp. 2d at 622-23.

Second, Piskulich challenges the constitutionality of the mandatory detention provisions of 8 U.S.C. § 1226(c).[3] The Seventh Circuit addressed this issue in Parra v. Perryman, 172 F.3d 954 (7th Cir. 1999), and concluded that this section passed constitutional muster. Parra has undeniably come under fire since the decision was rendered, and Piskulich contends that the outcome of this case is instead dictated by subsequent case law such as Zadvydas v. Davis, 121 S. Ct. 2491 (2001) and Kim v. Ziglar, 276 F.3d 531, 537 (9th Cir. 2002). Although the holding in Zadvydas did curtail the prior reach of Parra, in the circumstances presented in this case, Parra is still the controlling precedent in this circuit. That leaves only Piskulich's final contention that the statute is unconstitutional as applied to him, because he claims he is a returning lawful permanent resident. As discussed above, we cannot agree with his conclusion that the INS erroneously determined him to be an arriving alien. Accordingly, his argument is unpersuasive.

## CONCLUSION

Based on the foregoing analysis, the petition for a writ of habeas corpus is dismissed for lack of subject matter jurisdiction.

_____
Charles P. Kocoras
Chief Judge, United States District Court

Dated: __August 14, 2002__

---

[3] We also note that the Attorney General has an entirely separate basis for detaining aliens in Piskulich's somewhat unusual position: 8 U.S.C. § 1225(b)(2), which has not been subject to the same criticisms as § 1226(c). See Ferreras, 160 F. Supp. 2d 617 (upholding mandatory detention without bond of lawful permanent resident classified as an "arriving alien" upon return from a two-week trip abroad under § 1225(b)(2)). The INS makes mention of this ground supporting Piskulich's detention but does not press the issue or offer it as a basis for the motion to dismiss.